**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **N.K.**

**No. 21-0914** (Cabell County 20-JA-164)

**MEMORANDUM DECISION**

Petitioner Father D.K., by counsel Jason Goad, appeals the Circuit Court of Cabell County's July 1, 2021, order terminating his parental rights to N.K.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and James Wegman, filed a response in support of the circuit court's order. The guardian ad litem, Noel M. Oliverio, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his improvement period and his parental rights.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Additionally, petitioner's counsel filed the appellate brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that

> [i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests. If counsel is ethically compelled to disassociate from any assignments of error that the client wishes to raise on appeal, counsel must file a motion requesting leave for the client to file a pro se supplemental brief raising those assignments of error that the client wishes to raise but that counsel does not have a good faith belief are reasonable and warranted.

Per this Rule, petitioner's counsel filed a motion requesting leave for petitioner to file a pro se supplemental brief. This motion was granted, and petitioner filed a supplemental pro se brief on January 24, 2022.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the instant proceedings, the DHHR received a referral in January of 2020 alleging that the mother's boyfriend physically abused the then one-year-old child. The referral further indicated that the mother and her boyfriend were abusing controlled substances. Child Protective Services ("CPS") received further allegations that the child suffered a suspicious concussion from an alleged bathtub fall in April of 2020. The DHHR returned the child to the mother's custody as part of an in-home safety plan in June of 2020.

In September of 2020, the DHHR filed a child abuse and neglect petition alleging that the mother committed medical neglect of the child and was noncompliant with her existing CPS case. According to the petition, the mother admitted to evading contact with CPS workers and further admitted that she did not have stable housing for herself and the child. Finally, the DHHR alleged that petitioner neglected the child by failing to support him financially and emotionally, and by failing to provide the child with proper medical care. The circuit court held a hearing in December of 2020 during which it adjudicated petitioner as an abusing parent and granted him a six-month post-adjudicatory improvement period.[2]

In July of 2021, the circuit court held a dispositional hearing during which a CPS worker testified that under the terms of his improvement period, petitioner was required to complete weekly random drug screens; complete parenting and adult life skills classes; obtain and maintain stable housing; obtain and maintain income and employment; and complete meaningful and consistent weekly visits with the child. The worker explained that petitioner was "noncompliant" with drug screens. She explained that petitioner "never completed any drug screens except for one in February." The worker noted that she "made a referral for [petitioner] to Health Recovery Services in McArthur, Ohio, where he lives to begin drug treatment, and they could also do his weekly drug screens." However, the worker testified that petitioner "never completed or went to the program to begin treatment." The worker further testified that petitioner had approximately "five to six no shows since December" and claimed "that he didn't need drug treatment, that he wasn't using." The worker noted that petitioner "argued that he didn't have to [drug screen] in his other case in Ohio, [and] that he shouldn't have to do it in this case." The worker explained that she received two completed drug screens from Ohio CPS workers, wherein petitioner tested positive for methamphetamine. The worker went on to explain that petitioner "consistently never stay[ed] for a full two-hour visit with his son." She clarified that the petitioner would regularly "leave at least an hour early, stating that he ha[d] other things to do in Ohio for his other CPS case." The worker testified that petitioner had communication issues with the visitation provider and that he would fail to "respond in a timely manner or [did not] respond at all to confirm for visits." The worker further testified that petitioner had only attended two of his last five scheduled

---

[2]Petitioner failed to include the adjudicatory order or hearing transcript on appeal. However, the dispositional order indicates that petitioner was adjudicated as an abusing parent.

visits with the child and had failed to provide a required proof of employment. Finally, the worker noted that the DHHR had been clear with petitioner at prior court hearings that he needed to increase compliance with the terms of his improvement period, but petitioner failed to do so.

Next, petitioner testified and explained that he missed drug screenings and treatments near his home in Ohio because he was "out of town" for holidays. Petitioner also cited vehicle issues or claimed that services would "fall on dates that I had other things I [ha]ve . . . to do." Finally, petitioner testified that he "d[id not] know" why he did not attend drug screenings and treatments at an alternate location in Cabell County, West Virginia.

At the close of the hearing, the circuit court found that petitioner "has put forth . . . little to no effort in this case." The court further determined that without participating in his required drug screens, the court did not have "any evidence of his drug history." The court further noted that petitioner "has [not] really shown me anything else with regard to this case that would warrant prevention of termination of parental rights." Ultimately, the court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the circuit court's July 1, 2021, dispositional order.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his improvement period and in terminating his parental rights. Petitioner contends that he "substantially complied with his improvement period" and that it "should have been extended rather than terminated." We disagree.

Pursuant to West Virginia Code § 49-4-610(7), "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that

---

[3]The mother's parental rights were also terminated below. The permanency plan for the child is adoption in his current foster home.

[the parent] has failed to fully participate in the terms of the improvement period." Additionally, this Court has held that

> [a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991).

Here, the record overwhelmingly supports the circuit court's findings related to petitioner's failure to fully participate in his improvement period and his ultimate failure to successfully complete the same. While petitioner contends that he "substantially complied with his improvement period," he fails to cite to any portion of the record demonstrating his compliance. During the dispositional hearing, petitioner offered his own self-serving testimony in support of extending his improvement period, maintaining that he was "out of town" for holidays or had vehicle troubles that prevented his compliance with drug screenings, attendance at visitations, and other services. The circuit court heard petitioner's testimony and assessed its weight accordingly. On appeal, we decline to disturb the court's credibility determination with regard to this testimony. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

Further, petitioner failed to comply with any aspect of his improvement period. Petitioner continued to test positive for drugs such as methamphetamine, even after the court warned him that his continued usage would result in the termination of his improvement period. Importantly, petitioner also missed two of his final five scheduled visitations with the child. A CPS worker also testified that, when petitioner did attend visitation, he routinely left with an hour remaining in his two-hour visits with the child. This Court has "previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Further, petitioner failed to demonstrate proof of employment and failed to participate in a substance abuse treatment program. Accordingly, we find no error in the circuit court's termination of petitioner's improvement period as it is clear that petitioner failed to fully comply with the terms and conditions of the same.

The evidence, as set forth above, likewise supports the circuit court's decision to terminate petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be

substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect on his own or with help. As noted above, petitioner was provided an improvement period with services, including visitation with the child, drug screens, and a drug rehabilitation program. However, petitioner failed to meaningfully comply with services and continued to test positive for methamphetamine. The circuit court noted that petitioner "put forth . . . little to no effort in this case" and further found that "he has [not] really shown me anything else with regard to this case that would warrant prevention of termination of parental rights." These findings are sufficient to support the circuit court's determination that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

To the extent petitioner argues that he should have been given more time to comply with services, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner was unable to solve the problems of abuse or neglect on his own or with the help of the DHHR and, thus, termination of his parental rights was not error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 1, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn